UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| VEGA, CASSANDRA L. | § | CASE NO. 24-60174-MMP-7 |
| | § | |
| DEBTOR | § | |
| | § | |
| ______________________________ | § | ______________________________ |
| | § | |
| VEGA, CASSANDRA L. | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | ADVERSARY |
| | § | PROCEEDING NO. 24-6012-MMP |
| VS. | § | |
| | § | |
| DEPARTMENT OF EDUCATION | § | |
| | § | |
| DEFENDANT, | § | |

**STIPULATION FOR DISCHARGE OF PLAINTIFF'S UNITED STATES DEPARTMENT OF EDUCATION LOANS AND TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE**

The parties, Cassandra L. Vega ("Plaintiff") and Defendant United States Department of Education ("Defendant" or "Education") (collectively, the "Parties"), by and through counsel, stipulate as follows (the "Stipulation"):

WHEREAS, on March 28, 2024, Plaintiff filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code;

WHEREAS, on May 3, 2024, Plaintiff commenced the instant adversary proceeding by filing a Complaint;

WHEREAS, on March 28, 2024 at the time of Plaintiff filing her voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, Plaintiff owed $40,593.00 to Education, the student loans which are the subject of this adversary proceeding (collectively, the "Education-held Student Loans");

WHEREAS, the Education-held Student Loans constitute student loans made to Plaintiff under a program funded in whole or in part by a federal government unit within the meaning of 11 U.S.C. § 523 (a) (8);

WHEREAS, Plaintiff alleges that the repayment of the Education-held Student Loans would cause an undue hardship;

WHEREAS, upon review of documents, information, and facts that Plaintiff attested to, Defendant determined that Plaintiff satisfies the criteria for discharge due to an "undue hardship" discharge under 11 U.S.C. § 523 (a) (8) based on Plaintiff's current and future financial condition. Plaintiff's family has a $10.22 net monthly income, evidencing that Plaintiff cannot maintain a minimal standard of living their family if forced to repay her Education-held Student Loans. Plaintiff's current inability to pay the Education-held Student Loans will likely persist for a significant portion of the repayment period because Plaintiff could not get placed in a job for the degree she obtained for which the loans were taken. Plaintiff has made good faith efforts to try to repay her Education-held Student Loans; and

WHEREAS, in order to resolve this matter without the need for further litigation, the Parties agree that Plaintiff should be entitled to a discharge of her Education-held Student Loans pursuant to 11 U.S.C. § 523 (a) (8) as set forth below.

NOW, THEREFORE, the Parties, by counsel stipulate and agree that:

1. Plaintiff satisfies the criteria for discharge due to an "undue hardship" discharge under 11 U.S.C. § 523 (a) (8).

2. Student Loans in the amount of $40,593.00 as of March 28, 2024, are dischargeable pursuant to 11 U.S.C. § 523 (a) (8).

3. Upon entry of an order approving this Stipulation, Defendant will adjust Plaintiff's loan amount to reflect that the balance for the Student Loans are $0, and it shall permanently write-off the debt pursuant to this Stipulation.

4. Upon the entry of an order approving this Stipulation, the above-captioned adversary proceeding will be dismissed with prejudice pursuant to Fed.R.Civ.P.41 (a)(as incorporated by Fed.R.Bankr.P.7041), with the parties bearing their own costs and fees, including attorney's fees.

5. Upon entry of an order approving this Stipulation, Plaintiff releases, remises, and forever discharges, Defendant, its agencies, agents, officers, and employees, past and present, from

all claims or causes of action (including administrative claims) which Plaintiff, her heirs, agents, assigns, representatives, and successors ever had, now have or hereafter may have against Defendant, its agencies, agents, officers and employees, past and present, in relation to the discharge of the Education-held Student Loans, all except for obligations arising under this Stipulation.

6. Any and all individual taxation consequences as a reslt of this Stipulation are the sole and exclusive responsibility of Plaintiff. Education does not warrant or make any representation with respect to any tax consequences of this Stipulation. Nothing contained herein shall constitute a waiver by Plaintiff of any right to challenge any tax consequences of this Stipulation.

7. This Stipulation contains all of the terms of the agreement between the Parties and is intended to be and is the final and sole agreement between the Parties. The Parties agree that any other prior or contemporaneous representations or understandings not explicitly contained herein, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this Stipulation must be in writing and must be signed and executed by the Parties.

8. The Parties represent and warrant that they have reviewed and understand the Stipulation and its contents. The Parties further represent and warrant that each has the power to execute, deliver, and perform their obligations under this Stipulation; that each has taken all necessary action to authorize the execution, delivery and performance of this Stipulation; and that this Stipulation is enforceable in accordance with its terms.

Dated: August 19, 2024

THE TISDALE LAW FIRM, PLLC

/s/ Joshua C. Tisdale

Joshua C. Tisdale, J.D., M.B.A.,
Texas State Bar No. 24075164
1216 S. 31st St.
Temple, Texas 76504
Telephone: (254) 634-8600
Fax: (254) 554-6686
Email: legal@thetisdalelawfirm.com
Attorney for VEGA, CASSANDRA L

Dated: August 19, 2024

JAIME ESPARZA
UNITED STATES ATTORNEY

By: /s/ Steven B. Bass

Steven B. Bass
Assistant United States Attorney
Florida State Bar No. 767300
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
Telephone: (512) 916-5858
Fax: (512) 916-5854
Email: Steven.bass@usdoj.gov
Counsel for the United States of America